JUDGE RAMOS

15 CV 02993

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X   Case No.

ANTONIO VEGA,

                           Plaintiff,                **COMPLAINT**

      -against-

LITESPEED ELECTRIC, INC., and
CLINTON BROWN, *Individually*,

                          **PLAINTIFF DEMANDS
                          A TRIAL BY JURY**

                        Defendants.

-------------------------------------------------------------------X

RECEIVED
APR 17 2015
U.S.D.C. S.D. N.Y.
CASHIERS

      Plaintiff, ANTONIO VEGA, by his attorneys, PHILLIPS & ASSOCIATES, Attorneys at

Law, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1.     Plaintiff complains pursuant to 42 U.S.C. §1981, Title VII of the Civil Rights Act of
1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the
Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), and the New York State
Human Rights Law, New York State Executive Law §290, *et. seq.* ("NYSHRL"), and
seeks damages to redress the injuries Plaintiff has suffered as a result of being
**Discriminated Against** on the basis of his **Race (Hispanic)** and then **Retaliated Against**
and **Terminated** by his employer solely for complaining of discrimination.

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court is proper under 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C.
§§1331 and 1343.

3.     The Court has supplemental jurisdiction over the claims of Plaintiff brought under state

law pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b), as the acts complained of occurred therein.

## PROCEDURAL PREREQUISITES

5. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC, dated March 26, 2015, with respect to the herein charges of discrimination.  A copy of the Notice is annexed hereto.

7. This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

## PARTIES

8. That at all times relevant hereto, Plaintiff ANTONIO VEGA ("VEGA") was a resident of the State of New York and the County of Orange.

9. That at all times relevant hereto, Defendant LITESPEED ELECTRIC, INC. ("LITESPEED") was a domestic business corporation, duly existing pursuant to, and by virtue of, the laws of the State of New York, with its principle place of business located at 135 West 29th Street, New York, NY 10001.

10. That at all times relevant hereto, Plaintiff VEGA was an employee of Defendant LITESPEED.

11. That at all times relevant hereto, Defendant CLINTON BROWN ("BROWN") was an employee of Defendant LITESPEED, holding the position of "General Foreman."

12. That at all times relevant hereto, Defendant BROWN was Plaintiff VEGA's supervisor and had supervisory authority over Plaintiff VEGA.

13.   That at all times relevant hereto, Defendant LITESPEED and Defendant BROWN are collectively referred to herein as "Defendants."

## MATERIAL FACTS

14.   On or about January 2, 2014, Plaintiff VEGA began working for Defendants as a "Journeyman Electrician" at 115 Corporate Drive, Orangeburg, New York 10962, earning approximately $41.00 per hour.

15.   At all times relevant hereto, Plaintiff VEGA was an exemplary employee, was never disciplined, and always received compliments for his work performance.

16.   However, throughout Plaintiff VEGA's employment, Defendants also consistently and continuously subjected Plaintiff VEGA to harassment and discrimination solely due to Plaintiff VEGA's race (Hispanic), creating an extremely hostile and intimidating work environment.

17.   For example, throughout Plaintiff VEGA's employment, Plaintiff VEGA routinely observed numerous discriminatory phrases written in the port-a-johns of the work site, including but not limited to, **"Hey Vega, we want you and the fucken Mexican out of this local," "Vega, you fucken nigger,"** and **"We want all niggers and spics out of here."** Plaintiff VEGA was horrified and humiliated that Defendants allowed these overtly discriminatory and racial slurs to remain on the walls of the port-a-johns.

18.   In addition, while Defendant BROWN always ignored Plaintiff VEGA and Eric Jarama (the only other Hispanic employee) whenever they would attempt to say hello to him, Defendant BROWN always greeted and spoke to all of Plaintiff VEGA's similarly-situated non-Hispanic coworkers.  In fact, Defendant BROWN usually refused to even acknowledge Plaintiff VEGA's existence in the workplace.

19.   Furthermore, Defendants also constantly treated Plaintiff VEGA differently and less favorably than they treated all of Plaintiff VEGA's similarly-situated non-Hispanic coworkers.

20.   By way of example, while all non-Hispanic employees were assigned projects with at least two (2) other workers, Defendants always forced Plaintiff VEGA to complete projects with the only other Hispanic employee, Eric Jarama, without any assistance from anyone else.

21.   On the rare occasions when Plaintiff VEGA and Eric Jarama were given assistance, Defendants always assigned Warren (last name unknown) to help, the only African-American employee on the work site.  This made Plaintiff VEGA feel as if he was being segregated from all of his coworkers because he is Hispanic.

22.   Additionally, in or about February 2014, while Defendant BROWN reprimanded Plaintiff VEGA for arriving two (2) minutes late to work, Defendant BROWN routinely permitted Plaintiff VEGA's similarly-situated non-Hispanic coworkers to arrive significantly more than two (2) minutes late to work without ever reprimanding them.

23.   Moreover, on or about mid-April 2014, although Tommy Keensie, Defendants' Foreman, yelled at Plaintiff VEGA and Eric Jarama to "get back to work," Tommy Keensie did not reprimand or yell at seven (7) of Plaintiff VEGA's non-Hispanic coworkers that had completely stopped doing work to watch Defendants' Security Officer question an apprentice named Alex.  Plaintiff VEGA was utterly shocked that Tommy Keensie yelled at Plaintiff VEGA and not at his non-Hispanic coworkers since Plaintiff VEGA was actually working and his non-Hispanic coworkers were not.

24.   In addition, from January 2, 2014 through May 15, 2014, although Defendants allowed all

non-Hispanic "Journeyman Electrician" to regularly work overtime, Defendants consistently refused to permit Plaintiff VEGA to work any overtime.

25. On or about May 16, 2014, even though he was finally allowed to work overtime, Plaintiff VEGA also learned that Tommy Keensie had asked all of his non-Hispanic coworkers, including but not limited to, Howie, Spina, and Nick Heim, to work overtime on May 18, 2014.

26. As such, **on or about May 16, 2014, Plaintiff VEGA complained** to Tommy Keensie that he felt that he was not asked to work overtime on May 18, 2014 solely due to his race, as Plaintiff VEGA was the only "Journeyman Electrician" not asked to work overtime that day and was also the only Hispanic "Journeyman Electrician." Tommy Keensie replied, "Anthony, the overtime is [Defendant BROWN]'s thing. He's handling it."

27. In fact, when Plaintiff VEGA asked Tommy Keensie to confirm with Defendant BROWN that he was not permitted to work any overtime on May 18, 2014, Tommy Keensie later confirmed that, **"[Defendant BROWN] said you are not working."**

28. As such, **on or about May 19, 2014, Plaintiff VEGA complained to Charles Spicuzzo, Defendants' Data Center Foreman,** about the continuous discrimination and disparate treatment due to race, including but not limited to, the discriminatory denial of the right to work overtime.

29. Also on or about May 19, 2014, after speaking to Charles Spicuzzo, Plaintiff VEGA called Gil Heim, his Union's Assistant Business Agent, and complained about the discriminatory denial of overtime on May 18, 2014. While Plaintiff VEGA was hoping that this complaint would finally put an end to the discrimination and disparate treatment,

he never expected Defendants to actively retaliate against him. However, this is exactly what occurred.

30. Upon information and belief, on or about May 19, 2014, Gil Heim spoke to Defendant BROWN about all of Plaintiff VEGA's complaints of discrimination due to his race (Hispanic).

31. Since Plaintiff VEGA never heard back from Gil Heim, **on or about May 22, 2014, Plaintiff VEGA complained directly to Defendant BROWN** that he felt the only reason Defendant BROWN didn't ask him to work overtime on May 18, 2014 was because he was Hispanic. At this point, Defendant BROWN became very defensive, said that he did not want to talk about it, told Plaintiff VEGA to get back to work, and then stormed away.

32. As such, also on or about May 22, 2014, Plaintiff VEGA called Gil Heim and complained about not only the discriminatory denial of overtime but also **complained about all the discriminatory and racist writings in the port-a-johns**. Upon information and belief, Gil Heim forwarded Plaintiff VEGA's complaint of discrimination to Defendant BROWN. While Plaintiff VEGA was hoping that something would finally be done about this blatant discrimination, he was horribly mistaken.

33. **On or about June 3, 2014, only twelve (12) days after complaining for the last time, without any warning, Defendant BROWN suddenly terminated Plaintiff VEGA's employment due to a "reduction of force."**

34. This reason for termination was clearly **pretextual**, as there were approximately fifty (50) "Journeymen Electricians" that were hired after Plaintiff VEGA but did not complain of discrimination, and none were terminated as part of a purported "reduction in force."

35.  This termination was especially suspect because Plaintiff VEGA was the one who was complaining that he was the victim of unrelenting discrimination, and he was also the one who was terminated soon after complaining of discrimination.

36.  **Based upon the aforementioned suspicious actions, it is clear that on or about June 3, 2014, Defendants terminated the employment of Plaintiff VEGA solely due to his race (Hispanic) and in retaliation for complaining of ongoing racial discrimination.**

37.  Plaintiff VEGA was physically repulsed and disgusted by this blatantly discriminatory and retaliatory termination.

38.  Unfortunately, upon information and belief, no appropriate or reasonable action was ever taken regarding Defendants' blatant discrimination of Plaintiff VEGA.

39.  Plaintiff VEGA feels offended, disturbed, and humiliated by the blatantly unlawful, discriminatory, and retaliatory termination.

40.  Plaintiff VEGA was retaliated against due to his objections to Defendants' discriminatory and unlawful conduct.

41.  The above are just some of the acts of harassment, discrimination and retaliation that Plaintiff VEGA experienced on a regular and continual basis while employed by Defendants.

42.  Defendants treated Plaintiff VEGA differently solely due to his race (Hispanic).

43.  **But for the fact that Plaintiff VEGA is Hispanic and complained about Defendants' discrimination and disparate treatment, Defendants would not have terminated his employment.**

44.  Defendants' actions were unsolicited, unwelcome and offensive.

45.  Defendants' actions and conduct were intentional and intended to harm Plaintiff VEGA.

46. **Plaintiff VEGA's direct supervisors regularly exposed Plaintiff VEGA to a hostile work environment solely due to his race (Hispanic).**

47. Plaintiff VEGA has been unlawfully discriminated against, retaliated against, humiliated, degraded and belittled, and as a result, suffers loss of rights, emotional distress, loss of income, earnings and physical injury.

48. Plaintiff VEGA's performance was, upon information and belief, above average during the course of his employment with Defendants.

49. As a result of Defendants' actions, Plaintiff VEGA feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

50. As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff VEGA, Plaintiff VEGA has suffered severe emotional distress and physical ailments.

51. As a result of the acts and conduct complained of herein, Plaintiff VEGA has suffered a loss of income, the loss of a salary, bonus, benefits, and other compensation which such employment entails, and Plaintiff VEGA has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

52. As a result of the above, Plaintiff VEGA has been damaged in an amount which exceeds the jurisdiction limits of the Court.

53. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.  As such, Plaintiff VEGA demands Punitive Damages as against both Defendants, jointly and severally.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER 42 U.S.C. §1981**

54. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

55. 42 U.S.C. § 1981 states in relevant part as follows:

(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

42 U.S.C. §1981

56. Plaintiff, who is Hispanic, was discriminated against because of his race as provided under 42 U.S.C. §1981 and has suffered damages as set forth herein.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER 42 U.S.C. §1981

57. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

58. By the acts and practices described above, Defendants retaliated against Plaintiff for his opposition to unlawful discrimination under 42 U.S.C. §1981.

59. Defendants acted with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

60. As a result of Defendants' discriminatory acts, Plaintiff has suffered and will continue to suffer irreparable injury, emotional distress, and other compensable damage unless and

until this Court grants relief.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendant)

61.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

62.     This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq.*, for relief based upon the unlawful employment practices of the above-named Defendants.   Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race.

63.     Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq.*, by discriminating against Plaintiff because of his race.

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendant)

64.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

65.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

66. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq.* by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to the unlawful employment practices of Defendants.

## AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER NEW YORK STATE EXECUTIVE LAW

67. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

68. New York State Executive Law §296 provides that, "1. It shall be an unlawful discriminatory practice:   (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, … to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

69. Defendants have engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his race.

## AS A SIXTH CAUSE OF ACTION FOR RETALIATION UNDER NEW YORK STATE EXECUTIVE LAW

70. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

71. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any

practices forbidden under this article."

72.   Defendants have engaged in an unlawful discriminatory practice by retaliating, and otherwise discriminating against, Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER NEW YORK STATE EXECUTIVE LAW

73.   Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

74.   New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

75.   Defendant BROWN engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory and retaliatory conduct.

## JURY DEMAND

76.   Plaintiff requests a jury trial on all issues to be tried.

WHEREFORE, Plaintiff respectfully requests a judgment against Defendants:

A.   Declaring that Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e

*et. seq.,* and the <u>New York State Executive Law §290</u>, *et. seq.,* in that Defendants <u>discriminated against</u> Plaintiff on the basis of his race and <u>retaliated against</u> Plaintiff for complaining of discrimination;

B.  Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

C.  Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

D.  Awarding Plaintiff punitive damages;

E.  Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
April 14, 2015

PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC

By: _____
Alex Umansky (AU7961)
*Attorneys for Plaintiff*
45 Broadway, Suite 620
New York, New York 10006
(212) 248-7431

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To | Antonio Vega<br>38 Lake Street<br>Highland Falls, NY 10928 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|
| EEOC Charge No. | EEOC Representative | | Telephone No. |
| 520-2014-03550 | Esther Gutierrez,<br>Investigator | | (212) 336-3756 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

Kevin J. Berry,
District Director

3/26/2015
(Date Mailed)

Enclosures(s)

cc
Attn
**Director of Human Resources**
LITESPEED ELECTRIC, INC
135 West 29th Street
New York, NY 10001

Jeffrey T. Rosenberg, Esq.
**PHILLIPS & ASSOCIATES ATTORNEYS AT LAW, PLLC**
45 Broadway, Suite 620
New York, NY 10006